UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 00-31 T |
| | : | |
| CARLOS PESANTE | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on May 30, 2008, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violation. At the hearing, I ordered Defendant released pending final sentencing before Senior Judge Torres. Based upon the following analysis and the admission of the Defendant, **I recommend that the Defendant's term of supervised release be extended for six months from the date of final sentencing with the continued special condition that Defendant participate in substance abuse counseling.**

**Background**

On May 21, 2008, the Probation Office petitioned the Court for a Summons to be served on the Defendant. On May 21, 2008, the District Court reviewed the request and ordered the issuance of a summons. Pursuant to the summons, Defendant presented himself in Court on May 30, 2008, for a hearing. He then admitted to the following charge:

> **While on supervision, the defendant shall not commit another federal, state or local crime.**
>
> On May 11, 2008, Mr. Pesante Drove under the Influence of an Intoxicant and Drove in a Reckless Manner as evidenced by his May 11, 2008 arrest by the Stonington, Connecticut Police Department, and his May 12, 2008 admission.

As Defendant has admitted this charge, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Title 18 U.S.C. § 3583(e)(2) provides that if the Court finds that Defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release is life, therefore, the term can be extended.

Title 18 U.S.C. § 3583(e)(3) provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant

was on supervision for Class B and Class C felonies. Therefore, he may not be required to serve more than three years' imprisonment upon revocation.

Title 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is life. There has not been any term of imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the United States Sentencing Guidelines ("USSG") provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) of the USSG provides that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device, or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one

year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) states that upon finding of a Grade C violation, the Court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade C violation. Therefore, the Court may revoke, extend or modify the conditions of supervision.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is no outstanding restitution, fine, community confinement, home detention, or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the Criminal History Category is the category applicable at the time the Defendant was originally sentenced. In this instance, Defendant had a Criminal History Category of I at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade C violation and has a Criminal History Category of I. Therefore, the applicable range of imprisonment for this violation is 3 to 9 months.

Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The first provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant began a five-year term of supervised release on May 23, 2003. The instant violation occurred less than two weeks prior to expiration of Defendant's supervised release and the Court's issuance of a summons tolled such expiration. 18 U.S.C. § 3583(i).

By all reports, Defendant has been a model probationer. He has a strong work ethic and has been regularly employed in the construction industry. Defendant and his girlfriend purchased a

home two years ago and are raising their two sons. Probation reports that Defendant is a supportive father. Defendant has had no positive drug screens and no prior violation cases.

On Sunday, May 11, 2008, Defendant made a serious mistake. According to the police report, Defendant and his girlfriend went to a bar, and Defendant consumed an unknown quantity of alcohol. After a reported dispute with his girlfriend, Defendant drove his pickup truck and struck a telephone pole in Stonington, Connecticut in the early morning hours. The accident did not involve any other vehicle or pedestrian, and no one was injured. Defendant refused to complete a field sobriety test on the scene and refused a breathalyzer test at the police station. Defendant is charged with driving under the influence and reckless driving. Defendant was released on bond, and the case is pending. However, Defendant reportedly admitted drinking and driving to his Probation Officer and admitted to the pending violation in this case.

Defendant is charged with a Grade C violation. Thus, the Court can revoke, (the guideline range is three to nine months), extend supervision or modify conditions. Pursuant to a "plea agreement," Defendant admitted the violation, and the parties jointly recommended a six-month extension of supervision with continued participation in substance abuse counseling. I agree with the parties that revocation and incarceration does not make sense in this case. As noted, Defendant has had a successful term of supervision, and this is his first violation. There is no evidence before the Court that Defendant is a chronic drunk driver who should be detained to protect the community. Although Defendant was uncooperative on the morning of his arrest, he contacted his Probation Officer the next day (Monday), and advised him of the arrest and admitted his misconduct. Defendant also accepted responsibility for his actions before this Court. Defendant was issued a misdemeanor summons and released on bond by the State of Connecticut District Court in New

London in connection with the pending DUI charge. Defendant's good record on supervised release has earned him the benefit of the doubt that this incident was a one-time mistake. However, Defendant was strongly advised as to the seriousness of his conduct and that any future incidents would be dealt with in a more severe manner.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant's term of supervised release be extended for six months from the date of final sentencing with the continued special condition that Defendant participate in substance abuse counseling.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 2, 2008